UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-60-WBV-KWR |
| IMAD FAIEZ HAMDAN, ET AL. | SECTION: D (4) |

### ORDER AND REASONS

Before the Court is a Motion to Review and Appeal the Magistrate Judge's Orders on Defendants' Motions to Compel, filed by defendants, Imad Faiez Hamdan ("Hamdan") and Ziad Odeh Mousa ("Mousa").[1] The Government opposes the Motion.[2] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The defendants in this case, Hamdan and Mousa, owned and operated more than 30 food stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[3] On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Defendants.[4] Defendants are charged in Count 1 with conspiracy to harbor illegal aliens by providing them with a means of financial support through employment at Brothers Food Mart stores, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (v)(I) & 8 U.S.C. §

---

[1] R. Doc. 184.
[2] R. Doc. 199.
[3] R. Doc. 47 at ¶ 2.
[4] R. Doc. 47.

1324(a)(1)(B)(i).[5]  Defendants are charged in Count 2 with conspiracy to defraud the United States, in violation of 18 U.S.C. § 371, for evading federal income and employment taxes[6] through underreporting the wages paid to Brothers Food Mart employees, including undocumented workers and store managers.[7]  Defendants are charged in Counts 3 through 50 with failure to withhold, account for, and pay to the IRS certain trust fund taxes on behalf of the undocumented workers and store managers referenced in Count 2, in violation of 26 U.S.C. § 7202.[8]  In Counts 51 through 72, Defendants are charged with aiding and assisting the preparation of false individual income tax returns for taxpayers other than themselves, in violation of 26 U.S.C. § 7206(2).[9]  Finally, Hamdan is charged in Counts 73 and 74 with mail fraud, in violation of 18 U.S.C. 1341, for mailing false monthly payroll reports to two of Brothers Food Mart's workers' compensation insurance companies that omitted the total wages paid to undocumented workers and store managers.[10]

---

[5] *Id*. at ¶¶ 23-39.
[6] In the Superseding Indictment, the Government asserts that the Internal Revenue Code and associated statutes and regulations require employers to withhold from employees' gross pay federal income taxes and Federal Insurance Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and to account for and pay the withheld taxes to the IRS on a quarterly basis, but no later than the last day of the month following the end of the quarter.  *Id*. at ¶ 18.  The Government asserts that, "These taxes will be referred to in this Superseding Indictment collectively as 'trust fund taxes.'"  *Id*.  The Government further asserts that "employers are separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes."  *Id*. at ¶ 19.  The Government asserts that, "Trust fund taxes and employers' FICA contributions are commonly referred to as 'employment taxes.'"  *Id*.
[7] *Id*. at ¶¶ 40-53.
[8] *Id*. at ¶¶ 54-55.
[9] *Id*. at ¶¶ 56-57.
[10] *Id*. at ¶¶ 58-69.

### A. Defendants' First Motion to Compel

On January 22, 2020, Defendants filed a Motion to Compel the Government to Produce Rule 16 and Exculpatory Evidence Pursuant to *Brady* and *Giglio*, seeking production of a variety of materials, including "the search warrants and supporting affidavits for the Department of Homeland Security's searches at Brothers Food Mart locations."[11] Defendants alleged that in 2011, agents from the Jefferson Parish Sheriff's Office ("JPSO") and the United States Immigration and Customs Enforcement ("ICE") executed search warrants at Brothers Food Mart locations in Jefferson Parish as part of a joint federal-state investigation, looking for mislabeled supplements sold in the stores.[12] Defendants further alleged that ICE agents interviewed undocumented workers at the stores and, with the exception of a single employee who was previously deported, released all of the undocumented workers.[13] Defendants argued that the warrants and underlying affidavits are exculpatory and constitute *Brady* material that must be produced because they go directly toward an element of the charge of harboring illegal aliens – active concealment of the aliens.[14] Defendants claimed that the searches and/or arrests yielded exculpatory evidence pertaining to their defense of no active concealment of unlawful aliens.[15]

The Government opposed the Motion to Compel, arguing that Defendants' argument is nonsensical, since case law establishes that other conduct, such as failing

---

[11] R. Doc. 100.
[12] R. Doc. 100-1 at p. 4.
[13] *Id.*
[14] *Id.* at pp. 14-15 (citing *Villas at Parkside Partners v. City of Farmers Branch, Tex.,* 726 F.3d 524, 529 (5th Cir. 2013)).
[15] R. Doc. 100-1 at p. 15.

to complete required government forms to verify employees' work authorization status, paying workers in cash outside of the regular payroll system, and filing false tax returns (all actions that Defendants allegedly took), can constitute acts designed to conceal, harbor or shield undocumented workers from detection.[16] The Government argued that Defendants engaged in such non-physical hiding behavior to harbor their undocumented workers, and that they did so after the 2011 searches of Brothers Food Mart stores. As such, the Government claimed it was unclear how the search warrants and supporting affidavits are relevant to, or would yield exculpatory evidence regarding, Defendants' defense that they did not conceal undocumented workers from detection.[17] The Government also argued that, based upon Defendants' description of events, most of the information sought is already in Defendants' possession and, as such, there was no *Brady* violation.[18]

Chief Magistrate Judge Karen Wells Roby held a hearing on the Motion to Compel on February 5, 2020.[19] On February 14, 2020, Judge Roby issued an Order, granting as modified, and denying in part, the Motion to Compel.[20] Pertinent to the Defendants' instant Motion, Judge Roby first noted that the 2011 raids did not concern illegal immigration, but the alleged sale of fake Viagra improperly labeled as prescription medication.[21] However, Judge Roby questioned whether the 2011 raid was, in fact, for the sole purpose of effectuating a sting on the Brothers Food Mart

---

[16] R. Doc. 123 at pp. 4-5 (citations omitted).
[17] *Id.* at p. 5.
[18] *Id.* at p. 6 (citing *Spence v. Johnson*, 80 F.3d 989, 995 (5th Cir. 1996)).
[19] R. Doc. 137; *See* R. Doc. 184-3.
[20] R. Doc. 140.
[21] R. Doc. 140 at p. 9.

enterprise for its alleged sale of fake Viagra due to the involvement of ICE agents and "ICE's indication in its EAGLE system that the event was described as a fugitive operation as opposed to some sort of customs operation."[22] Judge Roby then explained that this Court has previously held that *Brady* is implicated when the Government's veracity as to the allegations in a search warrant and underlying affidavits are challenged.[23] Because Judge Roby could not determine whether the search warrants or underlying affidavits signaled any immigration issues, she ordered the Government to produce the warrant documents, as well as the memoranda of interview for the undocumented workers from both ICE and JPSO, for *in camera* review.[24]

After conducting an *in camera* review of the documents, Judge Roby issued an Order on February 28, 2020, denying Defendants' request for the production of the warrant and underlying affidavits.[25] Judge Roby specifically found that, "the search warrant and the underlying affidavit corroborate the Government's position that U.S. Immigration and Customs Enforcement were involved in the joint-action pursuant to its customs duties where it had intercepted a package of these drugs from China."[26]

---

[22] *Id.* at p. 10-11 (*citing* R. Doc. 131-3).
[23] R. Doc. 140 at p. 11 (citing *United States v. Durst*, Cr. A. No. 15-091, 2015 U.S. Dist. LEXIS 119989, at *9 (E.D. La. Sept. 8, 2015)).
[24] R. Doc. 140 at p. 11.
[25] R. Doc. 157.  Judge Roby's February 28, 2020 Order also addresses other documents that were produced for *in camera* review, but do not pertain to the Defendants' instant Motion. The Court notes that Judge Roby's Order refers to, "the 2012 Search and Seizure related to Brother's Food Mart [sic] suspected dealing in illegal distribution of sildenafil, more commonly known as Viagra." *Id.* at p. 3. The Court also notes that Defendants referred to "the 2012 search warrants" in their Reply brief in support of the Motion to Compel. R. Doc. 136 at p. 8. Although the Motion to Compel and Opposition brief thereto reference search warrants and underlying affidavits from a 2011 search (R. Doc. 100-1 at p. 4; R. Doc. 123 at pp. 4 & 5), the Court believes that Judge Roby and the parties are referring to the same search.
[26] R. Doc. 157 at p. 3.

**B. Defendants' Second Motion to Compel**

On February 21, 2020, before Judge Roby issued a ruling regarding her *in camera* review of the warrant documents, Defendants filed a Second Motion to Compel seeking, among other things, the production of the search warrant documents.[27] Regarding the warrant documents, Defendants argued that the Government had made several misrepresentations during the February 5, 2020 hearing on the first Motion to Compel that Judge Roby relied upon in denying Defendants' request for the warrant documents. Defendants alleged that one such misrepresentation was the Government's assertion that the ICE agents who conducted the 2012 raid alongside JPSO agents were there for a customs purpose and not an immigration enforcement purpose.[28] Defendants asserted that the Government also represented during the hearing that the search warrant says nothing about undocumented workers or illegal immigrants, and that it is common practice for an ICE agent to accompany DHS when carrying out a search warrant.[29] Defendants claimed that since that time, the Government had produced the "A" files of four individuals who the Government intends to prove at trial were unlawfully harbored by Defendants. Defendants argued that after reviewing the "A" files, it became immediately apparent that the raids were specifically aimed at identifying undocumented workers.[30] Defendants explained that the "A" file of Individual B,

---

[27] R. Doc. 149.
[28] *Id.* at p. 1. The Court again notes that, although Defendants' Second Motion to Compel refers to 2012 raids, their original Motion to Compel referred to raids that occurred in 2011. The Court believes that Defendants are referring to the same raids in both motions to compel.
[29] R. Doc. 149-1 at p. 3 (*quoting* R. Doc. 138) (internal quotation marks omitted).
[30] R. Doc. 149-1 at p. 4.

Raul Adelmo Gonzales, shows that he was arrested by the ICE New Orleans Criminal Alien Removal Initiative ("CARI") team, working in connection with JPSO.[31] Defendants asserted that CARI is a program dedicated to identifying and removing priority categories of removable aliens, rather than a customs-enforcement initiative.[32] Defendants asked Judge Roby to take this information into account during her *in camera* review of the warrant documents.[33]

Defendants also asked Judge Roby to compel the production of the 2012 warrant documents because the "A" files produced by the Government for the four aliens identified in the Superseding Indictment revealed that the Government intends to use the fruits of the 2012 raids in its case-in-chief, at least for one of the aliens (Individual B, Raul Adelmo Gonzales).[34] Thus, Defendants sought the production of the search warrants and supporting affidavits "to allow defendants to evaluate whether to file a motion to suppress the fruits of the searches (those searches resulted in ICE contacts with Individual B identified in the Indictment, whose alienage the Government must prove at trial)."[35]

On March 3, 2020, shortly after Judge Roby issued her ruling denying Defendants' first Motion to Compel the production of the search warrant documents,[36]

---

[31] *Id*. Defendants also alleged that Individual B was identified in the Superseding Indictment. *Id*. at p. 2. The Court notes that the Superseding Indictment alleges that DHS encountered Employee B and Employee C on November 8, 2012, and determined that the employees did not have authorization to work in the United States. R. Doc. 47 at ¶¶ 12, 13.
[32] R. Doc. 149-1 at p. 4.
[33] *Id*. at p. 6.
[34] *Id*. at pp. 2, 6-7.
[35] R. Doc. 149 at pp. 1-2; R. Doc. 149-1 at pp. 2, 6-7.
[36] R. Doc. 157.

the Government filed an Opposition to the Second Motion to Compel.[37] The Government argued that, because Judge Roby denied Defendants' first Motion to Compel the production of the search warrants and supporting affidavits, the issue was moot.[38]

On March 11, 2020, Judge Roby held oral argument on the Second Motion to Compel, during which she ordered the Government to produce several documents for a further *in camera* review.[39] Judge Roby did not order a second *in camera* review of the search warrant documents.[40] On May 28, 2020, Judge Roby issued an Order, granting in part and denying in part, Defendants' Second Motion to Compel.[41] Judge Roby denied the Second Motion to Compel to the extent Defendants sought the 2012 search warrants and supporting affidavits to evaluate whether to file a motion to suppress the fruits of the searches.[42] In her ruling, Judge Roby stated that, "The Court has reviewed the search warrants and underlying affidavits. There is no mention of undocumented workers within those documents."[43] Judge Roby concluded that, "The search warrants and underlying affidavit corroborate the Government's position that ICE was involved with the 2012 raids of Brothers Food Marts as it intercepted a package from China destined to Brothers Food Mart containing illegal drugs."[44] Judge Roby further explained that her opinion as to the nature of the 2012

---

[37] R. Doc. 164.
[38] R. Doc. 164 at p. 2.
[39] R. Doc. 183.
[40] *Id.*
[41] R. Doc. 223.
[42] *Id.* at pp. 4, 5 & 10.
[43] *Id.* at p. 10.
[44] *Id.* (*citing* R. Doc. 157).

raids "is not swayed by the fact that the A-File of Raul Adelmo Gonzales states, in the narrative, that an ICE New Orleans CARI Team was involved where it is known that ICE agents have dual responsibility to both immigration enforcement and customs enforcement."[45] Judge Roby concluded that, "The Court can see no benefit into delving into records of an action upon review is [sic] unrelated directly or indirectly to any claim in this current indictment."[46] As such, Judge Roby denied Defendants' Second Motion to Compel with respect to Defendants' request for the production of the 2012 search warrants and supporting affidavits.

### C. Defendants' Motion for Review and Appeal of Judge Roby's Orders on the Motions to Compel.

On March 13, 2020, Defendants filed the instant Motion, asking the Court to review and reverse Judge Roby's February 28, 2020 ruling on the first Motion to Compel[47] and her oral ruling at the March 11, 2020 hearing on the Second Motion to Compel,[48] to the extent that Judge Roby denied Defendants' request for the production of the 2012 search warrants and affidavits.[49] Defendants assert that Judge Roby's rulings warrant review under Fed. R. Civ. P. 72[50] because they are clearly erroneous and/or contrary to law. Citing several statements made by Judge Roby at the March 11, 2020 hearing on the Second Motion to Compel, Defendants emphasize that Judge Roby remarked that it appeared there was an "ulterior motive"

---

[45] R. Doc. 223 at p. 10 (*citing* R. Doc. 149-3 at p. 3).
[46] R. Doc. 223 at p. 10.
[47] R. Doc. 157.
[48] R. Doc. 223; *See* R. Docs. 183 & 195.
[49] R. Doc. 184.
[50] While Defendants refer to "Rule 72 of the Federal Rules of Civil Procedure" in their Motion (R. Doc. 184 at p. 1), this is likely a reference to Rule 59 of the Federal Rules of Criminal Procedure.

for the searches not detailed in the 2012 affidavit, *i.e.* that there was an immigration enforcement purpose behind the raids.[51] Defendants argue that Judge Roby's ruling denying their first Motion to Compel the production of the warrant documents must be reversed because the basis for the ruling "has been debunked."[52] Defendants explain that Judge Roby denied the first Motion to Compel the search warrant documents on the basis that they corroborated the Government's position that ICE was involved due to its "customs duties where it had intercepted a package of these [counterfeit] drugs from China."[53] Defendants argue that, because it is now "abundantly clear" that the 2012 searches involved immigration enforcement, the materials serve an exculpatory purpose and must be produced.[54] As argued in both of the motions to compel, Defendants again assert that the warrant documents are exculpatory because they pertain to Defendants' defense of no active concealment of unlawful aliens.[55]

Defendants further argue that because Judge Roby did not specifically address the additional basis for production of the warrant documents asserted in the Second Motion to Compel–to evaluate whether there is a good faith basis to file a motion to suppress—Judge Roby's ruling denying the Second Motion to Compel must also be reversed.[56] Defendants maintain that they are entitled to review the 2012 warrant documents because the Government intends to introduce fruits of the searches as

---

[51] *Id.* at p. 6 (*citing* R. Doc. 184-4 at pp. 13-15 & 19).
[52] *Id.* at p. 7.
[53] *Id.* (*quoting* R. Doc. 157 at p. 3) (internal citations omitted).
[54] R. Doc. 184-1 at p. 7.
[55] *Id.*  *See* R. Doc. 100-1 at pp. 14-15.
[56] R. Doc. 184-1 at p. 8.

evidence against Defendants at trial.[57]  Defendants claim that this was confirmed by the Government's March 9, 2020 motion in limine, which disclosed that during the execution of the 2012 search warrants, DHS encountered two Brothers Food Mart employees, who are referenced in the Superseding Indictment as Employees B and C, and determined that they did not have legal status to remain in the United States.[58] Because the Government intends to introduce this evidence at trial, Defendants assert that they need to see the search warrant to determine whether there is a good faith basis to move to suppress the fruits of the search.[59]

The Government opposes the Motion, asserting that Judge Roby properly concluded that the search warrants and underlying affidavits are not relevant to any of the Defendants' defenses in this case.[60]  The Government argues that Defendants have not met their burden of showing Judge Roby's ruling is contrary to law or clearly erroneous.  Although Defendants claim that the warrant documents are relevant to their defense to the harboring charge, the Government asserts that, as recognized by Judge Roby, it is the Government's conduct after it obtained the search warrants that is arguably relevant to any defense to the harboring charge.[61]  The Government contends that Judge Roby made clear that the warrants were related to drugs and not to immigration violations.  As such, the Government claims the warrants are irrelevant to what the Government did with the knowledge that Defendants

---

[57] *Id.*
[58] R. Doc. 184-1 at p. 8 (*quoting* R. Doc. 170-1 at p. 2) (internal quotation marks omitted).
[59] R. Doc. 184-1 at pp. 8-9.
[60] R. Doc. 199 at pp. 3-4.
[61] *Id.* at pp. 4-5 (*citing* R. Doc. 184-4 at p. 16, ll. 13-17).

continued to employ undocumented workers because the warrants do not mention undocumented workers.[62]

To the extent that Defendants' ultimate goal in obtaining the warrant documents is to file a motion to suppress evidence regarding the encounter of Individuals B and C, two undocumented employees of Brothers Food Mart, the Government argues this goal is futile.[63]

## II.   LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A),  a district judge may refer a pretrial matter to the magistrate judge for determination and may then "reconsider" the matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[64]  Federal Rule of Criminal Procedure 59(a) similarly provides that:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense.  The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets.  The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review.[65]

Discovery-related matters, such as the two motions to compel at issue in this case, fall within the category of nondispositive matters.[66]  Accordingly, the Court reviews

---

[62] R. Doc. 199 at p. 5.
[63] R. Doc. 199 at pp. 5-11.
[64] 28 U.S.C. § 636(b)(1)(A).
[65] Fed. R. Crim. P. 59(a).
[66] *See FDIC v. LeGrand*, 43 F.3d 163, 167 (5th Cir. 1995) (explaining that "the discovery motions in this case are the types of nondispositive discovery motions specifically authorized for pretrial determination by a magistrate").

Judge Roby's rulings on Defendants' motions to compel under the clearly erroneous or contrary to law standard.

The Advisory Committee Notes regarding the 2005 adoption of Rule 59 provide that, "The rule is derived in part from Federal Rule of Civil Procedure 72."[67] This Court has previously explained that, with respect to review under Fed. R. Civ. P. 72, "An order is clearly erroneous if the court is left with the definite and firm conviction that a mistake has been committed."[68] This Court further explained that the district court may not disturb a magistrate judge's determination on a nondispositive matter merely because it could have been decided differently.[69] "This standard is considered 'extremely deferential.'"[70]

Additionally, Fed. R. Crim. P. 16 governs discovery in criminal cases and provides, in part, the following:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>     (i) the item is material to preparing the defense;
>     (ii) the government intends to use the item in its case-in-chief at

---

[67] Fed. R. Crim. P. 59, Advisory Committee Notes, 2005 Adoption.
[68] *Belcher v. Lopinto*, Civ. A. No. 18-7368, 2019 WL 5860744, at *1 (E.D. La. Nov. 8, 2019) (quoting *Alphonse v. Arch Bay Holdings, LLC*, 618 Fed.Appx. 765, 768 (5th Cir. 2015)) (internal quotation marks omitted).
[69] *Belcher*, Civ. A. No. 18-7368, 2019 WL 5860744 at *1 (quotation and internal quotation marks omitted).
[70] *Id*. (quotation and internal quotation marks omitted).

>   trial; or
>   (iii) the item was obtained from or belongs to the defendant.[71]

Rule 16 does not require the Government to produce to a defendant information that it does not possess.[72]

### III. ANALYSIS

#### 1. *The First Motion to Compel*

Defendants seek review of Judge Roby's February 28, 2020 Order denying their first Motion to Compel the production of the 2012 search warrants and supporting affidavits on the basis that, contrary to Judge Roby's conclusion, "it is now abundantly clear" that the 2012 searches concerned immigration enforcement, such that the warrant documents are exculpatory.[73] The Court finds that Defendants' unsupported assertion fails to show that Judge Roby's ruling is clearly erroneous or contrary to law. In their first Motion to Compel, Defendants argued that the search warrant documents were exculpatory and relevant to their defense of the charge of harboring illegal aliens, and that the search was a pretext for an investigation into their employment of undocumented workers. According to the transcript from the February 5, 2020 hearing on the first Motion to Compel, Judge Roby stated several times that she did not believe that the 2012 raids had nothing to do with undocumented workers.[74] Nonetheless, on February 14, 2020, Judge Roby issued an Order granting in part and denying in part the Motion to Compel, and ordered the

---

[71] Fed. R. Crim. P. 16(a)(1)(E).
[72] *United States v. Hudson*, Crim. A. No. 09-171, 2011 WL 5038528, at *2 (E.D. La. Oct. 24, 2011).
[73] R. Doc. 184 at p. 1 (*citing* R. Doc. 157); R. Doc. 184-1 at pp. 7-8.
[74] R. Doc. 184 at p. 39, ll. 2-20.

Government to produce several categories of documents for review, including the 2012 search warrants and supporting affidavits.[75] In doing so, Judge Roby noted, "The Court questions whether the event the Government describes as a drug raid, was in fact, for the sole purpose of effectuating a sting on the Brothers Food Mart enterprise for its alleged sale of fake Viagra, by the sheer fact that ICE agents were involved."[76] Judge Roby further explained that, "This impression is bolstered by the [sic] ICE's indication in its EAGLE system that the event was described as a fugitive operation as opposed to some sort of customs operation."[77]

After reviewing the search warrants and supporting affidavits *in camera*, however, Judge Roby denied Defendants' request for production on February 28, 2020, concluding that:

> Despite Defendants [sic] contention that the raids were done in pretext as an immigrant enforcement operation, the search warrant and the underlying affidavit corroborate the Government's position that U.S. Immigration and Customs Enforcement were involved in the joint-action pursuant to its customs duties where it had intercepted a package of these drugs from China.[78]

Thus, after reviewing the search warrants and supporting affidavits, Judge Roby concluded that production was not warranted under Fed. R. Crim. P. 16. Defendants have failed to show that Judge Roby's conclusion constitutes clear error or is contrary to law.

---

[75] R. Doc. 140 at pp. 8-11.
[76] *Id.* at pp. 10-11.
[77] *Id.* at p. 11 (*citing* R. Doc. 131-3).
[78] R. Doc. 157 at p. 3.

The Court notes that Defendants raised these same arguments regarding the alleged immigration enforcement purpose behind the 2012 searches in their Second Motion to Compel[79] and during the March 11, 2020 hearing on the Second Motion to Compel.[80] After considering these arguments for a second time, Judge Roby again denied Defendants' request for the production of the search warrant documents.[81] In her written Order, Judge Roby noted that she had reviewed the search warrants and underlying affidavits, and concluded that, "There is no mention of undocumented workers within those documents. The search warrants and underlying affidavit corroborate the Government's position that ICE was involved with the 2012 raids of Brothers Food Marts as it intercepted a package from China destined to Brothers Food Mart containing illegal drugs."[82]

Based on the foregoing, the Court finds no clear error in Judge Roby's February 28, 2020 Order denying Defendants' first Motion to Compel the production of the 2012 warrant documents.

### 2. *The Second Motion to Compel*

The Court likewise finds that Defendants have failed to show that Judge Roby's March 11, 2020 oral Order denying Defendants' Second Motion to Compel is clearly erroneous or contrary to law. Defendants argue that the March 11, 2020 oral Order must be reversed because Judge Roby failed to address the basis for the Second Motion to Compel the search warrant documents–for Defendants to evaluate whether

---

[79] R. Doc. 149 at p. 1; R. Doc. 149-1 at p. 4.
[80] R. Doc. 195 at pp. 9-16.
[81] R. Doc. 223 at p. 9.
[82] *Id.* (*citing* R. Doc. 157).

there is a good faith basis to file a motion to suppress evidence obtained from the search.[83] The Court finds this assertion misleading, at best.

According to the transcript from the March 11, 2020 hearing on the Second Motion to Compel, which Defendants' submitted in support of the instant Motion, defense counsel specifically argued that:

> What we believe -- of course, we need to be able
> to look at the affidavit to confirm our belief -- is that he
> was then pointing to the stores as being the source of this
> Viagra when actually he was the source.
> Now, there's a certain amount of speculation
> there, I grant you, Judge, but they have derived fruits from
> that search warrant. The fruits were the two workers that they
> deported. For us to be effective in representing our clients,
> we need to make a determination as to whether we should file a
> motion to suppress that search warrant and be able to do that
> with the district judge before trial.[84]

Further, in the May 28, 2020 written Order on the Second Motion to Compel, Judge Roby mentions that Defendants seek the 2012 search warrants and supporting affidavits to evaluate whether to file a motion to suppress the fruits of the searches. In fact, Judge Roby mentions that this is the basis for Defendants' Motion to Compel at least three times.[85] After doing so, Judge Roby concluded that:

> The Court has reviewed the search warrants and underlying affidavits. There is no mention of undocumented workers within those documents. The search warrants and underlying affidavit corroborate the Government's position that ICE was involved with the 2012 raids of Brothers Food Marts as it intercepted a package from China destined to Brothers Food Mart containing illegal drugs. R. Doc. 157. The Court's opinion as [sic] the nature of these raids is not swayed by the fact that the A-File of Raul Adelmo Gonzales states, in the narrative, that an ICE New Orleans CARI Team was involved where it is known that ICE

---

[83] R. Doc. 184-1 at p. 8.
[84] R. Doc. 184-4 at p. 9, ll. 8-18.
[85] R. Doc. 223 at pp. 4, 8, 9.

> agents have dual responsibility to both immigration enforcement and customs enforcement. *See* R. Doc. 149-3, p. 3. The Court can see no benefit into delving into records of an action upon review is unrelated directly or indirectly to any claim in this current indictment. As such, the Court denies Defendants' request (i) for the underlying search warrant and supporting affidavits for the 2012 joint raid.[86]

Although Defendants may disagree with Judge Roby's ruling, they have failed to make any showing that the ruling is clearly erroneous or contrary to law. The arguments made by Defendants in the instant Motion are merely a regurgitation of the arguments raised in their Second Motion to Compel and asserted at the March 11, 2020 hearing on the motion. Accordingly, the instant Motion must be denied.

Finally, the Court notes that the 2012 search warrants and supporting affidavits have now been the subject of three separate motions and two hearings before the Magistrate Judge. The Court is also aware of the fact that, during the February 5, 2020 hearing on Defendants' first Motion to Compel, defense counsel indicated that they either already had, or no longer wanted, the 2012 warrants and supporting affidavits. Curiously, Hamdan's counsel explicitly stated during the hearing that, "We have the warrant. We don't have the affidavits, and that's what we're looking for."[87] Shortly thereafter, however, Judge Roby asked Mousa's counsel, "So you are not interested in the affidavits, you're interested in the memorandum of interview [from undocumented workers at Brothers Food Mart]"?[88] Mousa's counsel responded, "Yes."[89] The Defendants are due and will continue to receive the

---

[86] *Id.* at p. 10.
[87] R. Doc. 184-3 at p. 56, ll. 14-15.
[88] *Id.* at p. 57, ll. 21-22.
[89] *Id.* at l. 23.

Court's most serious consideration of its motions. The Court finds these assertions troubling in light of the extensive briefing and judicial resources expended to address Defendants' motions to compel the 2012 search warrant documents. Nonetheless, Defendants have failed to show that Judge Roby's rulings denying their request for the production of the warrant documents are clearly erroneous or contrary to law, as required for this Court to reverse those rulings under Fed. R. Crim. P. 59(a) and 28 U.S.C. § 636(b)(1)(A).

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion to Review and Appeal Magistrate Judge's Orders on Defendants' Motions to Compel[90] is **DENIED.**

New Orleans, Louisiana, August 26, 2020.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[90] R. Doc. 184.