UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-60-WBV-KWR** |
| **IMAD FAIEZ HAMDAN, ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Intervene or, Alternatively, to Appear and Participate as *Amicus Curiae* by the Clerk of Court and Her Deputies for the United States District Court for the Eastern District of Louisiana ("Clerk of Court").[1] Defendants, Imad Faiez Hamdan and Ziad Odeh Mousa, oppose the Motion,[2] as does the Government.[3] The Clerk's Office has filed a Reply.[4] After careful consideration of the parties' memoranda and the applicable law, the Motion to Intervene or, Alternatively, to Appear and Participate as *Amicus Curiae* is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In the interest of judicial economy, and because the factual background of this case has been extensively detailed in prior orders,[5] the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

The defendants in this case, Imad Faiez Hamdan ("Hamdan") and Ziad Odeh Mousa ("Mousa") (collectively, "Defendants"), owned and operated more than 30 food

---

[1] R. Doc. 302.
[2] R. Doc. 307.
[3] R. Doc. 321.
[4] R. Doc. 331.
[5] *See, generally*, R. Docs. 221, 222, 224, 229, 232 and 233.

stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[6]  Defendants operated all of the locations of Brothers Food Mart under a central management system.[7]  On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Defendants charging Defendants with, among other things, conspiracy to harbor illegal aliens, conspiracy to commit tax fraud, and mail fraud.[8]

On January 25, 2021, Defendants filed a Joint Motion to Dismiss Indictment and Stay Proceedings Due to Jury Selection Violations.[9]  In that Motion, Defendants allege that recently uncovered evidence demonstrates that the method of jury selection used in the Eastern District of Louisiana systematically excludes more than a third of African Americans from consideration for jury service, and therefore violates the Sixth Amendment to the United States Constitution and the Jury Selection and Service Act of 1968, 28 U.S.C. § 1861, *et seq.*[10]  Defendants base their Motion to Dismiss on pleadings filed in a case pending before another Section of this Court, *United States v. Guillory, et al.* ("*Guillory*").[11]  Defendants assert that the judge in *Guillory* ordered the jury administrator to provide defense counsel with records relating to the selection of the grand jury that returned the indictment in that case.[12]  Defendants claim that after receiving the discovery material, defense counsel in

---

[6] R. Doc. 47 at ¶ 2.
[7] *Id.* at ¶ 3.
[8] *Id.* at ¶¶ 23-39, 56-69.
[9] R. Doc. 284.
[10] *Id.*
[11] R. Doc. 284-1 at p. 2 (*citing* R. Doc. 284-2; *United States v. Guillory,* Crim. A. No. 16-32-BWA-JVM (E.D. La. 2016)).
[12] R. Doc. 284-1 at p. 3 (*citing* R. Doc. 284-3).

*Guillory* "filed a motion outlining the results of their analysis of the data provided by the jury administrator" and concluded that "the jury selection process in the Eastern District of Louisiana consistently exclude [sic] significant numbers of African Americans from jury pools."[13] Relying on the pleadings filed in *Guillory*, Defendants indicate that they anticipate supplementing their Motion to Dismiss with additional information specific to the grand jury that returned the Superseding Indictment in this case once they receive discovery regarding the demographic information of the grand jury venire.[14] Defendants attached copies of the pertinent pleadings filed in the *Guillory* case as exhibits to their Motion, including the order issued in *Guillory* regarding production of the jury selection records.[15] Defendants also attached as an exhibit their discovery requests for "demographic information regarding the composition of the grand jury venire in their case of the kind ordered produced by Judge Ashe in *Guillory*."[16] Defendants ask the Court to order the jury administrator to produce that information to Defendants.[17]

Thereafter, on February 11, 2021, the Clerk of Court filed a Motion to Intervene or, Alternatively, to Appear and Participate as *Amicus Curiae* in this case.[18] The Clerk of Court asserts that Defendants' Motion to Dismiss "lodges a direct attack on the jury selection process implemented by the Clerk's Office in the U.S.

---

[13] R. Doc. 284.
[14] R. Doc. 284-1 at p. 4 (*citing* R. Doc. 284-4).
[15] R. Docs. 284-2, 284-3.
[16] R. Doc. 284-1 at p. 4 (*citing* R. Doc. 284-4).
[17] R. Doc. 284-1 at p. 4. The Court notes that any such discovery request must be made by a formal motion for the Court's consideration. Defendants' exhibit to its Motion to Dismiss does not constitute a formal discovery motion.
[18] R. Doc. 302.

District Court for the Eastern District of Louisiana."[19] The Clerk of Court asserts that it has a "substantial and legitimate interest in the outcome of this specific issue" and should be allowed to intervene or, in the alternative, to participate as *amicus curiae*.[20] While acknowledging that the Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case, the Clerk of Court avers that a district court has discretion to allow participation and "'may regulate practice in any manner consistent with federal law, these [Federal Rules of Criminal Procedure], and the local rules of the district.'"[21] The Clerk of Court notes that federal courts have allowed intervention in criminal cases when the potential intervenor "has a legitimate interest in the outcome and cannot protect that interest without becoming a party."[22] It also notes that courts have allowed intervention in criminal cases by third parties seeking to prevent dissemination of confidential or privileged information.[23] The Clerk's Office asserts that it has a legitimate interest in the outcome of the Motion to Dismiss and that its interest may not be adequately protected by the current parties.[24] The Clerk's Office argues that because the Motion to Dismiss could have significant implications for past, present, and future criminal cases in this District, the Clerk's Office has a legitimate interest in ensuring the

---

[19] *Id.* at p. 2.
[20] *Id.* at p. 3.
[21] *Id.* at p. 4 (*quoting* Fed. R. Crim. P. 57) (citation omitted).
[22] R. Doc. 302 at p. 4 (quoting *United States v. Blagojevich*, 612 F.3d 558, 559-60 (7th Cir. 2010)) (internal quotation marks omitted).
[23] R. Doc. 302 at p. 4 (citing *United States v. RMI Co.*, 599 F.2d 1183 (3rd Cir. 1979); *United States v. Crawford,* 735 F.2d. 174 (5th Cir. 1984); *United States v. Martoma*, 962 F. Supp. 2d 602, 605-06 (S.D.N.Y 2013)).
[24] R. Doc. 302 at p. 4.

appropriate factual information concerning its jury selection process is before the Court.[25]

Alternatively, the Clerk's Office requests permission to participate as *amicus curiae* for the limited purpose of providing briefing and analysis related to Defendants' challenge to its jury selection process.[26] The Clerk's Office asserts that its participation in this case would be extremely beneficial to the Court, as it is the entity that executed the process challenged by the Motion to Dismiss.[27] Further, it avers that its participation and subsequent briefing "will undoubtedly assist the Court in understanding the innerworkings of process and whether it passes constitutional muster."[28] Relying on that statement, the Clerk's Office asserts that it has satisfied the "low bar of being 'useful' or 'desirable' for the Court" to participate as *amicus curiae*.[29] The Clerk of Court further requests a 90-day continuance of the submission date on Defendants' Motion to Dismiss should the Court allow the Clerk of Court to intervene or participate as *amicus curiae*.[30] In support of its request, the Clerk's Office advises that it intends to retain an expert to assist in the analysis of its methods of jury selection and that a continuance of the Motion to Dismiss would allow time for that process.[31]

---

[25] *Id.* at pp. 4-5.
[26] *Id.* at pp. 5-6.
[27] *Id.* at p. 6.
[28] *Id.*
[29] *Id.* (citing *United States v. State of La.*, 715 F. Supp. 608, 620 (E.D. La. 1990); *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001)).
[30] R. Doc. 302 at p. 6.
[31] *Id.* at p. 7.

Defendants oppose the Motion to Intervene, arguing that intervention is unnecessary in this case because the Clerk of Court has moved to intervene in the *Guillory* case, and the ultimate questions of dismissal or stay of jury selection presented in their Motion to Dismiss will likely be decided in *Guillory*.[32] Defendants also argue that the Motion to Intervene is premature because "the Court needs to resolve the preliminary question of discovery" before the Court can reach the ultimate questions of dismissal or stay of jury selection. Defendants contend that, "The pending motion requests discovery of the jury selection records in Defendants' case."[33]

The Government also opposes the Motion to Intervene, asserting that the Clerk's Office is not a uniquely situated third party permitted to intervene in criminal cases.[34] The Government claims that the Clerk's Office does not have any recognized rights or interests that will be directly impacted by this fraud prosecution. The Government further argues that the Clerk's Office should not be allowed to participate a*s amicus curiae* because "It is not a 'friend of the Court' as the term 'amicus curiae' suggests; it serves this Court as a member of the judicial branch. Indeed, the Clerk's Office currently works on this case and all other criminal matters as part of the Court and at this Court's discretion."[35] As such, the Government contends that the Clerk's Office may express its opinion about the case "through

---

[32] R. Doc. 307 at p. 1.
[33] *Id.* at p. 2.  The Court stresses that Defendants have not filed a formal motion for discovery in this matter and that Defendants' attachment of discovery requests to its Motion to Dismiss does not constitute a formal motion for discovery.
[34] R. Doc. 321 at p. 1.
[35] *Id.*

proper channels within the hierarchy of this Court," and not through participation as *amicus curiae*.[36]

In its Opposition brief, the Government initially notes that the Federal Rules of Criminal Procedure do not provide for intervention by a third party.[37] The Government duly notes that, "To the extent intervention in criminal cases is allowed, 'courts typically limit such intervention to those instances in which a third party's constitutional or other federal rights are implicated by the resolution of a particular motion, request, or other issue[.]'"[38] The Government cites a federal case from Florida, in which the court held that, "Intervention in a criminal case is an anomaly. The intervenor must have an important right at stake, either in a representative capacity (*i.e.*, the press) or in a personal privilege or interest, and that right must be significant enough for society to value and protect."[39] The Government further avers that, "in the absence of a recognized right or interest that will be directly impacted by the criminal proceeding, a motion to intervene should be denied."[40] The Government asserts that the Clerk's Office has no right to intervene in this criminal case because it is neither a member of the news media nor a third party that has been

---

[36] *Id.* at p. 2.
[37] *Id.* at p. 4 (quoting *United States v. Bases*, Case No. 18 CR 48, 2020 WL 5909072, at *7 (N.D. Ill. Oct. 6, 2020)) (internal quotation marks omitted).
[38] R. Doc. 321 at p. 5 (quoting *Bases,* Case No. 18 CR 48, 2020 WL 5909072 at *7).
[39] R. Doc. 321 at p. 5 (quoting *United States v. Cox.*, Case No. 8:14-cr-0140-T-23MAP, 2015 WL 13741738, at *3 (M.D. Fla. Oct. 7, 2015)) (internal quotation marks omitted).
[40] R. Doc. 321 at p. 6 (citing *Bases,* Case No. 18 CR 48, 2020 WL 5909072 at *7; *United States v. Atesiano*, Case No. 18-20479-CR-Moore/Simonton, 2018 WL 5831092, at *4 (S.D. Fla. Nov. 7, 2018); *United States v. Sikes*, Case No. 4:15-CR-3128, 2017 WL 25460, at *2 (D.Neb. Jan. 3, 2017); *Cox*, Case No. 8:14-cr-0140-T-23MAP, 2015 WL 13741738 at *3-4; *United States v. Collins*, Case No. 09-CR-155, 2013 WL 4780927, at *3 (E.D. Wis. Sept. 5, 2013); *United States v. Collyard*, Case No. 12-0058, 2013 WL 1346202, at *2 (D. Minn. Apr. 3, 2013; *United States v. Carmichael*, 342 F. Supp. 2d 1070, 1072 (M.D. Ala. 2004)).

ordered to disclose privileged documents, and "It does not have standing merely because a litigant has criticized its jury-selection process."[41] While the Clerk's Office claims that it has "a legitimate interest in ensuring the appropriate factual information concerning its jury selection process is before the Court," the Government asserts that the Clerk's Office can protect its interest without intervention "by simply providing its information to the Court through proper channels in an internal letter or report that the Court can then decide whether and how to disclose [that information] to the parties."[42] Finally, the Government suggests that there are practical issues inherent in allowing an arm of the Court to intervene as a represented party, which the Clerk's Office failed to address in its Motion to Intervene.[43]

The Government further asserts that there is no provision regarding *amicus* participation in the Federal Rules of Criminal Procedure,[44] and that district courts possess "the inherent authority to appoint an *amicus curiae* to assist the court in its proceedings."[45] The Government contends that a party moving to participate as *amicus* must show that its participation is useful to, or otherwise desirable by, the court.[46] The Government argues that the Clerk's Office should not be permitted to appear as *amicus curiae* because the Government and both defendants object to its

---

[41] R. Doc. 321 at p. 7 (citing *Carmichael*, 342 F. Supp. 2d at 1071; *Bases*, Case No. 18 CR 48, 2020 WL 5909072 at *7).
[42] R. Doc. 321 at p. 9.
[43] *Id.*
[44] *Id.* at p. 10 (citing *United States v. Keleher*, 475 F. Supp. 3d 80, 83 (D.P.R. 2020)).
[45] R. Doc. 321 at p. 10 (quoting *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001)) (internal quotation marks omitted).
[46] R. Doc. 321 at p. 10 (quoting *Davis*, 180 F. Supp. 2d at 800) (internal quotation marks omitted).

appearance or participation as *amicus curiae* and because the Clerk's Office plans to use its *amicus* brief primarily to present and argue facts.[47] The Government cites authority for the notion that, "Acceptance of an *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest, or unless the Court feels that existing counsel need assistance,"[48] and that a district court should "go slow in accepting an amicus brief" when, as here, the parties do not consent.[49] While the Clerk's Office intends to "brief and present the issues before the Court—including the proper statistical analysis and myriad legal and factual issues at play," the Government notes that, "An amicus who argues facts should rarely be welcomed."[50]

While the Government does not dispute that the Court has the "inherent authority to designate attorneys as amicus curiae, expand the role of amicus curiae, and appoint independent counsel," it contends that, "the issue here is whether this Court should exercise its authority to allow the Clerk's Office, as part of the judicial branch, to litigate factual issues as amicus curiae."[51] The Government maintains that factual assistance by the Clerk's Office as *amicus curiae* is unwarranted and inappropriate. To the extent the Clerk's Office seeks to participate as *amicus curiae* so that it can contribute legal arguments, the Government asserts that such

---

[47] R. Doc. 321 at p. 11 (citations omitted).
[48] R. Doc. 321 at p. 10 (quoting *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988)) (internal quotation marks omitted).
[49] R. Doc. 321 at p. 10 (quoting *Sierra Club v. F.E.M.A.,* Case No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007)) (internal quotation marks omitted).
[50] R. Doc. 321 at p. 11 (quoting *Sierra Club*, Case No. H-07-0608, 2007 WL 3472851, at *1) (internal quotation marks omitted).
[51] R. Doc. 321 at p. 12 (citing *Davis*, 180 F. Supp. 2d at 799-800; *United States v. State of Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)).

participation is unnecessary.⁵² The Government points out that cases where district courts have granted *amicus curiae* status have involved a myriad of groups which "have one thing in common: they do not work within the federal district court adjudicating the cases they wish to join," and, as such, "they lack the ability to communicate with the Court unless they file amicus briefs."⁵³ The Government concludes by reiterating that the Clerk's Office has the ability to provide this information to the Court by other means, which does not require participation as *amicus*.

In response, the Clerk's Office declares that the Government "misunderstands and misperceives the very limited, singular purpose of the Motion to Intervene—to provide a permissible means for the Clerk's Office to submit factual information relating to the manner in which it executed the Jury Plan to summon jurors for service."⁵⁴ In a subsequent footnote, however, the Clerk's Office advises that, "to avoid even the suggestion of a conflict and to recognize that intervention may not be desirable, it will withdraw" its request to intervene.⁵⁵ Nonetheless, the Clerk's Office maintains its request to participate as *amicus* in the case, stating that it "merely wishes to 'assist the [Court] by *presenting* . . . facts [and] data that are not to be found in the parties' briefs.'"⁵⁶ The Clerk of Court spends a significant portion of its Reply brief detailing jury selection challenges that have been lodged in courts around the

---

⁵² R. Doc. 321 at pp. 12-13.
⁵³ *Id.* at pp. 15-16 (citing authority).
⁵⁴ R. Doc. 331 at p. 1.
⁵⁵ *Id.* at p. 4, n.12.
⁵⁶ *Id.* at p. 8 (quoting *Voices for Choices v. Ill. Bell Telephone Co.,* 339 F.3d 542, 545 (7th Cir. 2003)).

country and the Government's responses to those challenges.[57] It further avers that, "On many occasions, including in this District, the clerk's office is tasked with supplying documents and data to the parties or the Court, as well as potentially having some of its employees testify at any ordered hearing."[58]

The Clerk's Office asserts that the Government has indicated in this case that it is unlikely to present evidence concerning jury summoning procedures or challenging the Defendants' statistical evidence and conclusions from that evidence, information which would address the second prong of the *Duren* test.[59] As a result, the Clerk's Office claims that it is "in an awkward and difficult position; it is in possession of pertinent data that could assist the Court but lacks an adequate mechanism (without Court permission) to provide this information to the Court adjudicating this issue—and, surprisingly, the Government opposes the Clerk's Office's request to do so."[60] The Clerk's Office further asserts that it is "unsure what 'proper channels' to which the Government is referring but finds it inappropriate to submit *ex parte* information to the Court as it adjudicates the instant Constitutional issue."[61] Finally, the Clerk's Office reiterates that it is neutral in this litigation and that its sole interest is providing a complete and accurate record to the Court regarding the Defendants' Motion to Dismiss.[62] The Clerk's Office notes that it has already complied with a voluminous discovery request by counsel in the *Guillory* case,

---

[57] R. Doc. 331 at pp. 4-12.
[58] *Id.* at p. 10 (citing authority).
[59] *Id.* at p. 12 (citations omitted); *See, Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).
[60] R. Doc. 331 at p. 12 (footnote omitted).
[61] *Id.* at p. 15.
[62] *Id.*

relied upon by Defendants in their Motion to Dismiss.⁶³ The Clerk's Office points out that Defendants in this case have indicated that they will be filing similar discovery, and concludes that, "whether or not the Clerk's Office is provided an opportunity to file a brief of some type, it is already subject to the requirement to provide responses to requests for jury information; this has not created and does not create a conflict."⁶⁴

## II. LEGAL STANDARD

As the Clerk's Office has indicated in its Reply brief that it wishes to withdraw its request to intervene in this matter, the Court will not address that portion of the Motion to Intervene. The Court will only address the Clerk's Office alternative request to participate as *amicus curiae* in this matter.

As recognized by the parties, the Federal Rules of Criminal Procedure are silent as to *amicus curaie* participation. "As a general proposition, the authority of a court to appoint independent or amicus curiae counsel is broad and well-established."⁶⁵ "A federal district court possesses the inherent authority to appoint amicus curiae to assist the court in its proceedings."⁶⁶ According to the Fifth Circuit, "Whether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace."⁶⁷ "The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely

---

⁶³ *Id.* at pp. 13-15 (citing *United States v. Age, Jr., et al.*, No. 2:16-CR-32 (E.D. La. 2016)).
⁶⁴ R. Doc. 331 at p. 14 (footnote omitted).
⁶⁵ *United States v. Davis*, 180 F. Supp. 2d 797, 799 (E.D. La. 2001).
⁶⁶ *Id.* (quoting *United States v. Louisiana*, 751 F. Supp. 608, 620 (E.D. La. 1990)) (internal quotation marks omitted); *See, United States v. State of Michigan*, 116 F.R.D. 655, 660 (W.D. Mich. 1987)).
⁶⁷ *In Re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Nat'l Org. for Women, Inc. v. Scheilder*, 223 F.3d 615, 616 (7th Cir. 2000)) (internal quotation marks omitted).

within the broad discretion of the district court."[68]  Nonetheless, "An amicus who argues facts should rarely be welcomed."[69]  As previously recognized by another Section of this Court, "There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual seeking to appear as amicus must merely make a showing that his participation is useful to or otherwise desirable by the court."[70]  Additionally, "acceptance of an ... *amicus curiae* should be allowed only sparingly, unless the *amicus* has a special interest, or unless the Court feels that existing counsel need assistance."[71]

### III.  ANALYSIS

The parties acknowledge and agree that it is within the discretion of the Court whether to allow a non-party to participate as *amicus curiae*.  The question before the Court is straightforward—is it appropriate in this case to allow the Clerk's Office to participate as *amicus curiae*?  The Court finds that such participation is not appropriate in this case.  The Court has no reason to, nor does it, question the Clerk's Office's statement that it is neutral in this litigation and does not desire to be an advocate in connection with this (or any other) motion.  Nonetheless, the Court relies on another statement made by the Clerk's Office in denying the Motion to Intervene, namely, the assertion that, "whether or not the Clerk's Office is provided an

---

[68] *Sierra Club v. F.E.M.A.,* Case No. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)) (internal quotation marks omitted).
[69] *Strasser v. Doorley, Jr. et al.,* 432 F.2d 567 (1st Cir. 1970).
[70] *Davis,* 180 F. Supp. 2d at 800 (quoting *Louisiana*, 751 F. Supp. at 620) (internal quotation marks omitted); *See, Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).
[71] *News and Sun-Sentinel Co. v. Cox*, 700 F. Supp. 30, 32 (S.D. Fla. 1988) (quoting *Donovan v. Gillmor*, 535 F. Supp. 154, 159 (N.D. Ohio 1982)).

opportunity to file a brief of some type, it is already subject to the requirement to provide responses to requests for jury information."[72] Although there is no formal discovery motion pending before the Court at this time, the Clerk's Office is correct in principle. The Court need not address any other arguments asserted in the Motion to Intervene because the Court agrees with the Clerk's Office that there are other mechanisms by which the Clerk's Office can provide the Court with the information at issue, and by which the Court can obtain the information from the Clerk's Office. Moreover, the Court has the authority to request the information directly from the Clerk's Office. The Court notes that the parties in this case are represented by competent counsel and that all of the parties have opposed participation by the Clerk's Office as intervenor or *amicus*. As a result, the Court finds that participation by the Clerk's Office as *amicus curiae* would not be useful or otherwise desirable by the Court at this juncture.[73] Accordingly, the Motion to Intervene is denied.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Motion to Intervene or, Alternatively, to Appear and Participate as *Amicus Curiae* by the Clerk of Court and Her Deputies for the United States District Court for the Eastern District of Louisiana[74] is **DENIED as moot** to the extent that the Clerk's Office seeks

---

[72] R. Doc. 331 at p. 14 (footnote omitted).
[73] *Davis,* 180 F. Supp. 2d at 800 (quoting *Louisiana*, 751 F. Supp. at 620) (internal quotation marks omitted); *See, Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982).
[74] R. Doc. 302.

to intervene in this matter, and **DENIED** to the extent that the Clerk's Office seeks to participate in this matter as *amicus curiae*.

New Orleans, Louisiana, March 3, 2021.

_____
**WENDY B. VITTER**
**United States District Judge**