## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NO. 19-60-WBV-KWR

IMAD FAIEZ HAMDAN, ET AL.                   SECTION: D (4)

## <u>ORDER AND REASONS</u>

Before the Court is a Motion to Dismiss Counts 73 and 74 as Unconstitutionally Vague, filed by defendant, Imad Faiez Hamdan.[1] The United States of America opposes the Motion,[2] and Hamdan has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

## I.    FACTUAL AND PROCEDURAL BACKGROUND[4]

The defendants in this case, Imad Faiez Hamdan ("Hamdan") and Ziad Odeh Mousa ("Mousa") (collectively, "Defendants"), owned and operated more than 30 food stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[5] On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Defendants.[6] Pertinent to the instant

---

[1] R. Doc. 289.
[2] R. Doc. 305.
[3] R. Doc. 339.
[4] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in prior orders, the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion. *See*, R. Docs. 221, 222, 224, 229, 232, 233, 236, & 369.
[5] R. Doc. 47 at ¶ 2.
[6] R. Doc. 47.

Motion, Hamdan is charged in Counts 73 and 74 with mail fraud, in violation of 18 U.S.C. § 1341.[7]  The Government alleges that Hamdan devised a scheme to defraud two workers' compensation insurance companies by mailing them false monthly payroll reports for Brothers Food Mart, which failed to include the total wages paid to undocumented workers and store managers, as it excluded cash payments made to those workers that were recorded outside of the Brothers Food Mart regular payroll system.[8]  The Government also alleges that Hamdan submitted false documents to the insurance companies in response to annual audits of Brothers Food Mart's workers' compensation insurance, which included false IRS Forms 941, false IRS Forms 940, and false payroll summaries that failed to report total wages paid to undocumented workers and store managers.[9]

Hamdan filed the instant Motion on February 3, 2021, seeking to dismiss Counts 73 and 74 of the Superseding Indictment under Fed. R. Crim. P. 12(b) as unconstitutionally vague.[10]  Hamdan asserts that the Superseding Indictment fails to identify the specific audit documents that were allegedly false and the allegedly false statements contained therein, and that the vague allegations in Counts 73 and 74 violate the Notice Clause of the Sixth Amendment and the Grand Jury Clause of the Fifth Amendment.[11]  Relying upon a prior Order issued in this case, Hamdan claims that false representations are an essential element of mail fraud,[12] and that

---

[7] *Id*. at ¶¶ 58-69.
[8] *Id*. at ¶¶ 58, 63-65.
[9] *Id*. at ¶ 66.
[10] R. Doc. 289.
[11] *Id*. at p. 1; R. Doc. 289-1 at pp. 2 & 4.
[12] R. Doc. 289-1 at p. 4 (*citing* R. Doc. 229 at pp. 10-11).

an "indictment which alleges that the accused has obtained property under false pretenses must specifically allege the false representations made."[13]  Hamdan argues that Counts 73 and 74 of the Superseding Indictment "identify only ***generic categories*** of documents on which the government may rely in attempting to obtain a conviction," and that they "do not identify the particular documents at issue by date, by the particular Brothers Food Mart entities to which the documents relate, or in any other way."[14]  Hamdan claims that these "vague, open-ended allegations" leave him "guessing about the charges he must meet, and leave open the possibility that the government will claim at trial that the alleged scheme to defraud rested on particular documents the grand jury never considered, or even entirely different categories of documents not identified in the Superseding Indictment."[15]  Hamdan further argues that, regarding the generic categories of audit documents referenced in Counts 73 and 74, the Superseding Indictment does not allege which statements in those documents were false and that, "Courts have long found such barebones allegations of fraud constitutionally defective."[16]

The Government argues that the Motion should be denied because the mail fraud counts in the Superseding Indictment are not unconstitutionally vague.[17]  The Government points out that this is Hamdan's third attempt to dismiss Counts 73 and 74,[18] that the Court has already determined that the mail fraud counts state an

---

[13] R. Doc. 289-1 at p. 5 (quoting *United States v. Williams*, 679 F.2d 504, 509 n.6 (5th Cir. 1982)) (internal quotation marks omitted).

[14] R. Doc. 289-1 at p. 6 (*citing* R. Doc. 47 at ¶¶ 4 & 66) (emphasis in original).

[15] R. Doc. 289-1 at p. 6.

[16] *Id*. at p. 7 (citing authority).

[17] R. Doc. 305.

[18] *Id*. at p. 1 (*citing* R. Docs. 85 & 146).

offense, and that Hamdan offers no reason why this law of the case should be disregarded.[19]  The Government argues that Hamdan "focuses myopically and almost exclusively on two of the twelve paragraphs that constitute the mail fraud counts," Paragraphs 62 and 66, while failing to acknowledge that the other paragraphs in the mail fraud counts explicitly identify the false statements at the heart of those charges.[20]  The Government points to Paragraph 69, which identifies two monthly payroll reports by date, the month reported, and the payroll amount.[21]  The Government also points to Paragraphs 64 and 65, which provide that such payroll reports were false because they failed to include the total wages paid to undocumented workers and store managers.[22]  Thus, the Government argues that the Superseding Indictment sufficiently identifies the false audit documents at issue in Paragraph 66, and sufficiently identifies the false statements in them in Paragraphs 64 and 65.[23]

The Government further points out that Counts 73 and 74 of the Superseding Indictment allege that the insurance audits were conducted annually in the six-year period spanning December 2008 to November 2014, which means that there are no more than six sets of false audit documents at issue.[24]  The Government asserts that because the audits were conducted annually, and are necessarily retrospective, the relevant false statements about total wages can be found in the Forms 941, Forms

---

[19] R. Doc. 305 at pp. 2-3 (citing *United States v. Hamdan*, Crim. A. No. 19-60-WBV-KWR, 2020 WL 3429831, at *5 (E.D. La. June 23, 2020) (Vitter, J.)).
[20] R. Doc. 305 at pp. 1-2 & 3.
[21] *Id.* at p. 3 (*quoting* R. Doc. 47 at ¶ 69).
[22] R. Doc. 305 at p. 3 (*citing* R. Doc. 47 at ¶¶ 64-65).
[23] R. Doc. 305 at pp. 3-4 (*citing* R. Doc. 47 at ¶¶ 64-66).
[24] R. Doc. 305 at p. 4 (*citing* R. Doc. 47 at ¶¶ 62 & 66).

940, and payroll summaries that were created in the years preceding each audit.[25] As such, the Government argues that the allegations in Counts 73 and 74 are specific enough to fairly inform Hamdan of the charges against which he must defend and that the instant Motion should be denied.[26]

In response, Hamdan reiterates many of the same arguments asserted in his original Motion, and further asserts that the Government fails to acknowledge, much less distinguish, any of the cases cited in his Motion.[27]   Although the Government accuses Hamdan of disregarding the Court's prior ruling that Counts 73 and 74 state an offense for mail fraud, Hamdan asserts that the prior ruling does not resolve the constitutional questions raised by the instant Motion.[28]   Hamdan also asserts that the Superseding Indictment fails to identify the false audit documents because it charges that the documents "included, ***but were not limited to***, false IRS Forms 941, false IRS Forms 940, and false payroll summaries."[29]   Hamdan maintains that Counts 73 and 74 of the Superseding Indictment are unconstitutionally vague because they fail to identify the specific audit documents that were allegedly false or the allegedly false statements contained therein.[30]   Hamdan claims that, "This ambiguity renders the indictment constitutionally defective because it leaves the government free to shift its claims of fraud to fit its proof at trial."[31]   Hamdan then

---

[25] R. Doc. 305 at p. 4.
[26] *Id*. at p. 5.
[27] R. Doc. 339 at pp. 2-3.
[28] *Id*. at p. 2.
[29] *Id*. at p. 3 (*quoting* R. Doc. 47 at ¶¶ 62 & 66) (internal quotation marks omitted) (emphasis added by Hamdan).
[30] R. Doc. 339 at p. 3.
[31] *Id*.

argues that it will be impossible to know whether the jury considered the same legal or factual theory as the grand jury, as required by the Fifth Amendment, and further that he "has been deprived of sufficient notice of the charges he must face, in violation of the Sixth Amendment."[32]  As such, Hamdan maintains that Counts 73 and 74 of the Superseding Indictment should be dismissed as unconstitutionally vague.

## II.    APPLICABLE LAW

Rule 12(b) of the Federal Rules of Criminal Procedure permits a defendant to raise by a pretrial motion, "Any defense, objection, or request that the court can determine without a trial on the merits."[33]  In the instant Motion, Hamdan seeks dismissal of Counts 73 and 74 of the Superseding Indictment as unconstitutionally vague under the Notice Clause of the Sixth Amendment and the Grand Jury Clause of the Fifth Amendment.  As the Government correctly points out in a footnote, Hamdan fails to specify which provision of Fed. R. Crim. P. 12(b) forms the basis of his request for dismissal.[34]  Hamdan only mentions Rule 12(b), generally, as the procedural means by which he is seeking dismissal of the Superseding Indictment.[35] The Court, however, agrees with the Government that Hamdan appears to be arguing that Counts 73 and 74 of the Superseding Indictment are deficient either under Fed. R. Crim. P. 12(b)(3)(B)(iii) because they lack specificity, or under Fed. R. Crim. P. 12(b)(3)(B)(v) because they fail to state an offense.[36]  To the extent that Hamdan is

---

[32] *Id.*
[33] Fed. R. Crim. P. 12(b)(1).
[34] R. Doc. 305 at p. 1, n.1.  *See,* R. Doc. 289.
[35] R. Doc. 289 at p. 1; R. Doc. 289-1 at p. 2.
[36] *See,* Fed. R. Crim. P. 12(b)(3)(B).

arguing that Counts 73 and 74 are constitutionally deficient under Rule 12(b)(3)(B)(v) because they fail to state an offense, the Court already rejected that argument in its June 23, 2020 Order and Reasons denying Hamdan's Motion to Dismiss Counts 73 and 74 of the Superseding Indictment.[37]  Accordingly, the Court construes the instant Motion as seeking relief under Rule 12(b)(3)(B)(iii), on the basis that Counts 73 and 74 lack specificity.

## III.   ANALYSIS

In the Superseding Indictment, the Government alleges that on or about December 1, 2008 through November 30, 2014, Hamdan "devised a scheme to defraud and to obtain money by materially false and fraudulent pretenses and representations from worker's compensation insurance companies, Insurance Company A and Insurance Company B."[38]  The Government alleges that the scheme involved "paying employees and undocumented workers outside of the payroll system and failing to report these payments when reporting total payroll to the insurance companies."[39]  The Government charges that, in furtherance of the scheme to defraud, Hamdan mailed and caused to be mailed false monthly payroll reports for Brothers Food Mart to Insurance Company A from at least January 2011 through December 2012, and also mailed and caused to be mailed false monthly payroll reports for Brothers Food Mart to Insurance Company B from at least January 2013 through November 2014.[40]   The Government alleges that the payroll reports mailed by

---

[37] R. Doc. 229; *See*, R. Doc. 85.
[38] R. Doc. 47 at ¶ 62.
[39] *Id*. at ¶ 63.
[40] *Id*. at ¶¶ 64 & 65.

Hamdan failed to include total wages paid to undocumented workers and store managers.[41]   The Government also charges that, in furtherance of the scheme to defraud, Hamdan "submitted and caused to be submitted to the insurance companies or their representatives, false documents in response to annual audits of Brothers Food Mart's workers' compensation insurance.  These false documents included, but were not limited to, false IRS Forms 941, false IRS Forms 940, and false payroll summaries."[42]   The Government alleges that, "These documents were false in that they failed to report total wages paid to undocumented workers and store managers."[43]

The Government further alleges in the Superseding Indictment that as a result of these misrepresentations, Hamdan concealed from the insurance companies approximately 57% of his true payroll and, as a result, paid significantly less in insurance premiums to the insurance companies.[44]   The Government explains in the Superseding Indictment that workers' compensation insurance costs are determined, in large part, by the size of the payroll of the insured entity, expressed in terms of the dollar amount of the payroll, and that insurance companies rely on the insured to correctly report the size of their payroll.[45]   The Government charges that Hamdan defrauded and attempted to defraud the insurance companies of approximately $350,000 in premium payments.[46]   The Government then specifies that for Count 73,

---

[41] *Id.*
[42] *Id.* at ¶ 66.
[43] *Id.*
[44] *Id.* at ¶ 67.
[45] *Id.* at ¶ 61.
[46] *Id.* at ¶ 68.

Hamdan mailed a monthly payroll report to Insurance Company B on October 16, 2014, reporting the store employee payroll as $627,280 between September 1, 2014 and September 30, 2014.[47] For Count 74, the Government specifies that Hamdan mailed a monthly payroll report to Insurance Company B on November 19, 2014, reporting the store employee payroll as $740,219 between October 1, 2014 and October 31, 2014.[48]

The Court finds it clear from the Superseding Indictment that the false statements charged in Counts 73 and 74 are the "total wages paid to undocumented workers and store managers."[49] The Government clearly alleged in the Superseding Indictment that the monthly payroll reports were false because they "failed to include total wages paid to undocumented workers and store managers,"[50] and that the "false documents" submitted in response to annual audits of Brothers Food Mart's workers' compensation insurance "were false because they failed to report total wages paid to undocumented workers and store managers."[51] Hamdan makes no reference to this specific language in either his Motion or Reply brief.[52] The Court therefore agrees with the Government that Hamdan has chosen to "wear blinders and focus on a few paragraphs to the exclusion of all others."[53] The Court finds that the allegations in Paragraphs 64, 65, and 66 of the Superseding Indictment sufficiently identify the false statements made in the payroll reports and in the audit documents. Although

---

[47] *Id*. at ¶ 69.
[48] *Id*.
[49] *Id*. at ¶¶ 63-66.
[50] *Id*. at ¶¶ 64-65.
[51] *Id*. at ¶ 66.
[52] *See*, R. Docs. 289-1 & 337.
[53] R. Doc. 305 at p. 3.

Hamdan cites a footnote in *United States v. Williams*[54] to support his argument that an indictment must specifically allege the false representations made, the Court finds that the Superseding Indictment in this case sufficiently alleges the false representations made by Hamdan – the total wages paid to Brothers Food Mart's undocumented workers and store managers.   Accordingly, the Court rejects as baseless Hamdan's assertion that the Superseding Indictment contains only "barebones allegations of fraud"[55] and fails to identify the allegedly false statements contained in the allegedly false documents submitted to the insurance companies.

The Court likewise rejects Hamdan's assertion that Counts 73 and 74 of the Superseding Indictment fail to identify the specific documents that were allegedly false, and identify only "***generic categories*** of documents on which the government may rely in attempting to obtain a conviction."[56]   The Superseding Indictment charges that Hamdan submitted "false documents in response to annual audits of Brothers Food Mart's workers' compensation insurance," and then specifies that, "These false documents included, but were not limited to, false IRS Forms 941, false IRS Forms 940, and false payroll summaries."[57]   Despite Hamdan's assertion to the contrary,[58] the Court finds that the inclusion of the phrase "including but not limited to" does not render Counts 73 and 74 of the Superseding Indictment unconstitutionally vague.   Although Hamdan complains that the Superseding

---

[54] R. Doc. 289-1 at p. 5 (quoting *Williams*, 679 F.2d 504, 509 n.6 (5th Cir. 1982)); R. Doc. 339 at p. 2 (quoting *Williams*, 679 F.2d at 509 n.6).
[55] R. Doc. 289-1 at p. 7.
[56] *Id.* at p. 6 (emphasis in original).
[57] R. Doc. 47 at ¶ 66.
[58] *See*, R. Doc. 289-1 at pp. 2, 4, & 6; R. Doc. 339 at p. 3.

Indictment fails to identify the particular documents by date, by the particular Brothers Food Mart entities to which the documents relate, "or in any other way," that assertion ignores the clear language of the Superseding Indictment. As the Government points out, Paragraph 69 of the Superseding Indictment specifically identifies the two monthly payroll reports at issue in Counts 73 and 74 by date, the month reported, and the payroll amount.[59] Additionally, the Superseding Indictment charges that the insurance audits were conducted annually in the six-year period spanning December 2008 to November 2014,[60] limiting the false documents to those specific years. As such, the Court finds that Counts 73 and 74 of the Superseding Indictment are stated with sufficient clarity so as to apprise Hamdan of the crimes with which he is charged.

Finally, the Court would be remiss if it did not recognize the contradictory positions taken by Hamdan in his Reply brief and in a separate reply brief that was filed earlier the same day by Hamdan and Mousa concerning their Motion for Bill of Particulars.[61] Hamdan argues in his Reply brief that the Superseding Indictment is unconstitutionally vague because it fails to identify the "false documents" at issue in Counts 73 and 74.[62] In the earlier-filed reply brief, however, Hamdan and Mousa asserted that their request for a bill of particulars regarding "the allegedly false documents at issue in Counts 73 and 74" was rendered moot by representations made by the Government in its Opposition brief to Hamdan's Motion to Dismiss Counts 73

---

[59] R. Doc. 305 at p. 3 (*quoting* R. Doc. 47 at ¶ 69).
[60] R. Doc. 305 at p.4 (*citing* R. Doc. 47 at ¶¶ 62 & 66).
[61] *See*, R. Docs. 292, 337, & 339.
[62] R. Doc. 339 at p. 3.

and 74 as Unconstitutionally Vague.[63]  Specifically, Hamdan and Mousa asserted the following:

> In its opposition, the government provides a portion of the requested information: the government confirms that the only allegedly false 'audit documents' referenced in Counts 73 and 74 are 'false IRS forms 941, false IRS Forms 940, and false payroll summaries,' which were allegedly false because they 'failed to report total wages paid to undocumented workers and store managers.'  Opp. At 12.  More importantly, the government makes clear that the only allegedly false statements on which the mail fraud charges in Counts 73 and 74 are predicated are contained in the specific mailings identified in Paragraph 69 of the Superseding Indictment.  Gov. Opp. To Mots. To Dismiss [Doc. 305] at 3.  Those representations moot request (iv).[64]

The foregoing representation made by Hamdan provides further support for the Court's conclusion that Counts 73 and 74 of the Superseding Indictment are specific enough to fairly inform Hamdan of the charges against which he must defend.  Thus, the Court rejects as baseless Hamdan's assertion that he "has been deprived of sufficient notice of the charges he must face, in violation of the Sixth Amendment."[65]

## IV.    CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss Counts 73 and 74 as Unconstitutionally Vague[66] is **DENIED.**

New Orleans, Louisiana, June 15, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[63] R. Doc. 337 at p. 2.
[64] *Id.*
[65] R. Doc. 339 at p. 3.
[66] R. Doc. 289.