UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 19-60-WBV-KWR |
| IMAD FAIEZ HAMDAN, ET AL. | SECTION: D (4) |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss or Strike Duplicitous, Time-Barred, Defective Allegations in Counts 73 and 74 Concerning Insurance Company A, filed by defendant, Imad Faiez Hamdan.[1]  The United States of America opposes the Motion,[2] and Hamdan has filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL BACKGROUND[4]

The defendants in this case, Imad Faiez Hamdan ("Hamdan") and Ziad Odeh Mousa ("Mousa") (collectively, "Defendants"), owned and operated more than 30 food stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[5]  On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Defendants.[6]  Pertinent to the instant

---

[1] R. Doc. 290.
[2] R. Doc. 305.
[3] R. Doc. 338.
[4] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in prior orders, the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.  *See*, R. Docs. 221, 222, 224, 229, 232, 233, 236, & 369.
[5] R. Doc. 47 at ¶ 2.
[6] R. Doc. 47.

Motion, Hamdan is charged in Counts 73 and 74 with mail fraud, in violation of 18 U.S.C. § 1341.[7] The Government alleges that Hamdan devised a scheme to defraud two workers' compensation insurance companies, Insurance Company A and Insurance Company B, by mailing them false monthly payroll reports for Brothers Food Mart, which failed to include the total wages paid to undocumented workers and store managers, as it excluded cash payments made to those workers that were recorded outside of the Brothers Food Mart regular payroll system.[8] The Government also alleges that Hamdan submitted false documents to the insurance companies in response to annual audits of Brothers Food Mart's workers' compensation insurance, which included false IRS Forms 941, false IRS Forms 940, and false payroll summaries that failed to report total wages paid to undocumented workers and store managers.[9]

Hamdan filed the instant Motion on February 3, 2021, seeking to dismiss or strike the allegations in Counts 73 and 74 of the Superseding Indictment regarding Insurance Company A "because these counts are duplicitous."[10] Hamdan asserts that Counts 73 and 74 are duplicitous because they purport to charge him with two separate mail fraud schemes – a scheme to defraud Insurance Company A between 2011 and 2012 and a subsequent scheme to defraud Insurance Company B between 2013 and 2014. Hamdan contends that these are separate alleged schemes with separate alleged victims, based on separate alleged mailings that occurred during

---

[7] *Id.* at ¶¶ 58-69.
[8] *Id.* at ¶¶ 58, 63-65.
[9] *Id.* at ¶ 66.
[10] R. Doc. 290 at p. 1.

separate alleged coverage periods.[11]  Relying upon *United States v. Caldwell*, Hamdan argues that the Government cannot charge separate schemes against Insurance Company A and Insurance Company B as a single, multi-object scheme because the two specific mailings referenced in Counts 73 and 74 were to Insurance Company B and did not further the alleged scheme against Insurance Company A.[12] Alternatively, Hamdan asserts that even if Counts 73 and 74 involve "a continuous scheme" to defraud, they remain duplicitous because they subject Hamdan to a risk of double jeopardy and because the jury could convict him of both counts without reaching a unanimous verdict as to which of the two insurers was defrauded.[13] Hamdan further asserts that the alleged conduct relating to Insurance Company A occurred outside the five-year statute of limitations for mail fraud because the mailings allegedly occurred between January 2011 and December 2012, and the Government did not charge Hamdan with mail fraud until October 2019.[14]  As such, Hamdan asserts that the Court should require the Government "to elect the only potentially viable alleged scheme charged in Counts 73 and 74 – the alleged scheme relating to Insurance Company B," and to strike the allegations in Counts 73 and 74 relating to Insurance Company A.[15]

The Government argues that Hamdan's Motion, which is his fourth attempt to dismiss Counts 73 and 74, should be denied because the mail fraud counts are not

---

[11] R. Doc. 290 at p. 1; R. Doc. 290-1 at pp. 4-6.
[12] R. Doc. 290-1 at p. 5 (citing *Caldwell*, 302 F.3d 399, 408 (5th Cir. 2002)).
[13] R. Doc. 290-1 at pp. 6-7.
[14] R. Doc. 290 at p. 1; R. Doc. 290-1 at pp. 2 & 8-9 (*citing* 18 U.S.C. § 3282).
[15] R. Doc. 290 at p. 1; R. Doc. 290-1 at p. 9.

duplicitous since the Superseding Indictment alleges only one scheme to defraud Brothers Food Mart's workers' compensation insurance carriers.[16]  Also relying on *United States v. Caldwell*, the Government claims that each count is based on a single mailing and, therefore, charges only one violation in each count, and further that both mailings were in furtherance of Hamdan's scheme to defraud workers' compensation insurance companies.[17]  The Government asserts that Hamdan's scheme was to defraud the insurance companies by falsely underreporting Brothers Food Mart's total payroll through use of the mails, thereby fraudulently reducing the cost of Brothers Food Mart's workers' compensation insurance.[18]  The Government claims that Hamdan accomplished this scheme by mailing false payroll reports to Insurance Company A, by mailing false payroll reports to Insurance Company B, and by submitting false documents to the insurance companies in response to annual audits of Brothers Food Mart's workers' compensation insurance carriers.[19]  The Government contends that Paragraphs 64-66 of the Superseding Indictment inform Hamdan of the three-pronged nature of the scheme alleged, and that the Court can instruct the jury on the need for unanimity.[20]  The Government further asserts that, "because the scheme was unitary, there is no statute of limitations problem or need to be concerned about a defective 'extra' count that has no mailing allegation."[21]  The Government maintains that the mail fraud counts pose no duplicity problem because

---

[16] R. Doc. 305 at p. 7.
[17] *Id.* at pp. 6-7 (citing *Caldwell*, 302 F.3d 399, 407-08 (5th Cir. 2002)).
[18] R. Doc. 305 at p. 8 (*citing* R. Doc. 47 at ¶¶ 62 & 63).
[19] R. Doc. 305 at p. 8 (*citing* R. Doc. 47 at ¶¶ 64-66).
[20] R. Doc. 305 at p. 10.
[21] *Id.*

they allege one unitary scheme and the two mailings to Insurance Company B were in furtherance of that scheme.[22] As such, the Government claims that the Motion should be denied.

In response, Hamdan asserts that the cases cited by the Government are inapposite, and otherwise re-urges the same arguments made in his Motion.[23]

## II.   APPLICABLE LAW

Rule 12(b) of the Federal Rules of Criminal Procedure permits a defendant to raise by a pretrial motion, "Any defense, objection, or request that the court can determine without a trial on the merits."[24] In the instant Motion, Hamdan seeks to dismiss or strike certain allegations in Counts 73 and 74 of the Superseding Indictment as duplicitous under Fed. R. Crim. P. 12. As the Government correctly points out in a footnote, Hamdan fails to specify which provision of Rule 12 forms the basis of his request for dismissal.[25] Hamdan only mentions Rule 12, generally, as the procedural means by which he is seeking relief.[26] The Court, however, agrees with the Government that Hamdan appears to seek relief under Rule 12(b)(3)(B)(i), which addresses an alleged defect in an indictment based upon "joining two or more offenses in the same count (duplicity)."[27]

---

[22] *Id.*
[23] R. Doc. 338 at p. 3.
[24] Fed. R. Crim. P. 12(b)(1).
[25] R. Doc. 305 at p. 5, n.7. *See,* R. Doc. 290.
[26] R. Doc. 290 at p. 1.
[27] Fed. R. Crim. P. 12(b)(3)(B)(i).

**III. ANALYSIS**

In the Superseding Indictment, the Government alleges that on or about December 1, 2008 through November 30, 2014, Hamdan "devised a scheme to defraud and to obtain money by materially false and fraudulent pretenses and representations from worker's compensation insurance companies, Insurance Company A and Insurance Company B."[28] The Government alleges that the scheme involved "paying employees and undocumented workers outside of the payroll system and failing to report these payments when reporting total payroll to the insurance companies."[29] The Government charges that, in furtherance of the scheme to defraud, Hamdan mailed and caused to be mailed false monthly payroll reports for Brothers Food Mart to Insurance Company A from at least January 2011 through December 2012, and also mailed and caused to be mailed false monthly payroll reports for Brothers Food Mart to Insurance Company B from at least January 2013 through November 2014.[30] The Government alleges that the payroll reports mailed by Hamdan failed to include total wages paid to undocumented workers and store managers.[31] The Government also charges that, in furtherance of the scheme to defraud, Hamdan "submitted and caused to be submitted to the insurance companies or their representatives, false documents in response to annual audits of Brothers Food Mart's workers' compensation insurance. These false documents included, but were not limited to, false IRS Forms 941, false IRS Forms 940, and false payroll

---

[28] R. Doc. 47 at ¶ 62.
[29] *Id.* at ¶ 63.
[30] *Id.* at ¶¶ 64 & 65.
[31] *Id.*

summaries."[32]  The Government alleges that, "These documents were false in that they failed to report total wages paid to undocumented workers and store managers."[33]

The Government further alleges in the Superseding Indictment that due to these misrepresentations, Hamdan concealed from the insurance companies approximately 57% of his true payroll and, as a result, paid significantly less in insurance premiums to the insurance companies.[34]  The Government explains in the Superseding Indictment that workers' compensation insurance costs are determined, in large part, by the size of the payroll of the insured entity, expressed in terms of the dollar amount of the payroll, and that insurance companies rely on the insured to correctly report the size of their payroll.[35]  The Government charges that Hamdan defrauded and attempted to defraud the insurance companies of approximately $350,000 in premium payments.[36]  In Count 73, the Government charges Hamdan with mailing a monthly payroll report to Insurance Company B on October 16, 2014, reporting the store employee payroll as $627,280 between September 1, 2014 and September 30, 2014.[37]  In Count 74, the Government charges Hamdan with mailing a monthly payroll report to Insurance Company B on November 19, 2014, reporting the store employee payroll as $740,219 between October 1, 2014 and October 31, 2014.[38]

---

[32] *Id.* at ¶ 66.
[33] *Id.*
[34] *Id.* at ¶ 67.
[35] *Id.* at ¶ 61.
[36] *Id.* at ¶ 68.
[37] *Id.* at ¶ 69.
[38] *Id.*

The parties agree that *United States v. Caldwell* is the controlling Fifth Circuit authority regarding whether the allegations of mail fraud in the Superseding Indictment are duplicitous.[39] In *Caldwell,* the Fifth Circuit explained that, "A duplicitous indictment is one that alleges 'two or more distinct and separate offenses' in a single count."[40] "[I]n determining whether the indictment is duplicitous, the inquiry is 'whether [the indictment] can be read to charge only one violation in each count."[41] The Fifth Circuit further held in *Caldwell* that:

> [W]here a mail fraud count alleges only *one* instance of use of the mail in furtherance of multiple schemes (or a single scheme with multiple objects), the jury can find the defendant guilty of only *one* mail fraud offense on that count – regardless whether the jury finds that the defendant devised one or all of the alleged schemes associated with that particular use of the mail. Each mail fraud count in Caldwell's indictment contains only one allegation of use of the mail. Thus, none of the counts is duplicitous.[42]

The Court reaches the same conclusion in this case. Each mail fraud count in the Superseding Indictment – Count 73 and Count 74 – contains only one instance of use of the mail.[43] Count 73 charges Hamdan with mailing a false monthly payroll report to Insurance Company B on October 16, 2014, and Count 74 charges Hamdan with mailing a false monthly payroll report to Insurance Company B on November 19, 2014.[44] Thus, Counts 73 and 74 are not duplicitous because each count charges only one mail fraud offense under 18 U.S.C. § 1341.

---

[39] 302 F.3d 399, 407 (5th Cir. 2002).
[40] *Id*. (quoting *United States v. Morrow,* 177 F.3d 272, 296 (5th Cir. 1999)).
[41] *Caldwell*, 302 F.3d at 407 (quoting *United States v. Sharpe*, 193 F.3d 852, 865-66 (5th Cir. 1999)).
[42] *Caldwell*, 302 F.3d at 408.
[43] R. Doc. 47 at ¶ 69.
[44] R. Doc. 47 at ¶¶ 69, 73, & 74.

The Court further finds that Counts 73 and 74 of the Superseding Indictment charge Hamdan with only one scheme to defraud Brothers Food Mart's workers' compensation insurance carriers, and that the two mailings to Insurance Company B were in furtherance of that scheme.[45] As the Government points out, Hamdan seems to have conceded this fact in a prior pleading.[46] Specifically, Hamdan previously took the position that, "Counts 73 and 74 purport to charge Mr. Hamdan with devising a scheme to defraud workers' compensation insurers out of premium payments by means of 'materially false and fraudulent pretenses and representations.'"[47] Hamdan also previously asserted that the vague allegations in Counts 73 and 74 "leave open the possibility that the government will claim at trial that *the alleged scheme* to defraud rested on particular documents the grand jury never considered . . . ."[48] Additionally, the Court agrees with the Government that the Superseding Indictment alleges that to accomplish the one scheme to defraud, Hamdan (1) mailed false payroll reports to Insurance Company A; (2) mailed false payroll reports to Insurance Company B; and (3) submitted false documents to the insurance companies in response to annual audits of Brothers Food Mart's workers' compensation insurance.[49] Because the Court finds that Counts 73 and 74 allege only one scheme to defraud, the Court rejects as meritless Hamdan's assertion that, "one of the alleged schemes occurred outside the statute of limitations."[50]

---

[45] R. Doc. 47 at ¶¶ 62 & 63.
[46] R. Doc. 305 at p. 7, n.10 (*citing* R. Doc. 289-1 at p. 1).
[47] R. Doc. 289-1 at p. 2 (*quoting* R. Doc. 47 at ¶ 62).
[48] R. Doc. 289-1 at p. 6 (emphasis added).
[49] R. Doc. 47 at ¶¶ 62-66.
[50] R. Doc. 290-1 at p. 8.

Finally, the Court rejects Hamdan's argument that Counts 73 and 74 of the Superseding Indictment are duplicitous because they subject Hamdan to a risk of double jeopardy and would allow him to be convicted by a non-unanimous verdict.[51] Although Hamdan cites *United States v. Baytank (Houston), Inc.* in support of his position, Hamdan's reliance on that case is misplaced.[52] The defendant in *Baytank* argued that two counts in his indictment were duplicitous, "meaning that each charged more than one offense, contrary to Federal Rule of Criminal Procedure 8(a)."[53] The Fifth Circuit in *Baytank* explained that, "An indictment may be duplicitous if it joins in a single count two or more distinct offenses."[54] Additionally, "If an indictment is duplicitous and prejudice results, the conviction may be subject to reversal."[55]

The *Baytank* court ultimately concluded that the defendant had waived his duplicity argument by failing to object prior to trial, and the defendant had failed to show good cause for granting relief from waiver under Fed. R. Crim. P. 12(f).[56] The Fifth Circuit then explained that:

> Notwithstanding that a defendant's actions, charged in a single count, could have been charged as separate violations, nevertheless a single count may be used where those actions 'represent a single, continuing scheme,' provided the indictment (1) notifies the defendant adequately of the charges against him; (2) does not subject the defendant to double jeopardy; (3) does not permit prejudicial evidentiary rulings at trial; and (4) does not allow the defendant to be convicted by a nonunanimous jury verdict.   This analysis is supported by Federal Rule of Criminal

---

[51] *See*, R. Doc. 290-1 at pp. 6-7; R. Doc. 338 at p. 4.
[52] R. Doc. 290-1 at p. 7 (citing *Baytank*, 934 F.2d 599, 609 (5th Cir. 1991)).
[53] *Baytank* 934 F.2d at 608.
[54] *Id.* (citing *United States v. Robin*, 693 F.2d 376, 378 (5th Cir. 1982)).
[55] *Baytank*, 934 F.2d at 608 (citation omitted).
[56] *Id.* at 608-09.

Procedure 7(c)(1), which allows one or more specified means to be included in a single count.[57]

Thus, the Court would only consider the foregoing four factors in determining whether Hamdan was prejudiced by the inclusion of two separate offenses in the same count.[58] The Court, however, has already determined that Counts 73 and 74 of the Superseding Indictment are not duplicitous because they charge Hamdan with only one offense in each count. As such, the prejudice analysis set forth in *Baytank* does not apply in this case.[59]

Based on the foregoing analysis, the Court finds that Hamdan's Motion must be denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss or Strike Duplicitous, Time-Barred, Defective Allegations in Counts 73 and 74 Concerning Insurance Company A[60] is **DENIED.**

New Orleans, Louisiana, June 24, 2022.

**WENDY B. VITTER**
**United States District Judge**

---

[57] *Baytank*, 934 F.2d at 609.
[58] *See*, *United States v. Casby*, Crim. A. No. 11-130, 2012 WL 928430, at *10-11 (E.D. La. Mar. 19, 2012) (Fallon, J.) (citing *Baytank*, 934 F.2d at 608-09).
[59] The Court notes that the Fifth Circuit has made clear that, "The danger of a nonunanimous jury verdict may be avoided by proper jury instructions." *United States v. Fisher*, 106 F.3d 622, 633 (5th Cir. 1997), abrogated on other grounds by *Ohler v. United States*, 529 U.S. 753, 120 S.Ct. 1851, 146 L.Ed.2d 826 (2000). *See, Casby*, Crim. A. No. 11-130, 2012 WL 928430 at *11 (citing *Baytank*, 934 F.2d at 609) ("However, duplicity can be cured by a limiting instruction to the jury.").
[60] R. Doc. 290.