UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 19-60-WBV-KWR** |
| **IMAD FAIEZ HAMDAN, ET AL.** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss or Strike Defective Allegations in Counts 73 and 74 Concerning Undocumented Workers, filed by defendant, Imad Faiez Hamdan.[1]  The United States of America opposes the Motion,[2] and Hamdan has filed a Reply.[3]  After careful consideration of the parties' memoranda and the applicable law, the Motion is **DENIED.**

### I.  FACTUAL AND PROCEDURAL BACKGROUND[4]

The defendants in this case, Imad Faiez Hamdan ("Hamdan") and Ziad Odeh Mousa ("Mousa") (collectively, "Defendants"), owned and operated more than 30 food stores, convenience stores, and gas stations that operated under the name "Brothers Food Mart" in the State of Louisiana.[5]  On October 10, 2019, the Government filed a 74-Count Superseding Indictment against Defendants.[6]  Pertinent to the instant

---

[1] R. Doc. 291.
[2] R. Doc. 305.
[3] R. Doc. 340.
[4] In the interest of judicial economy, and because the factual background of this case has been extensively detailed in numerous prior orders, the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.  *See*, R. Docs. 221, 222, 224, 229, 232, 233, 236, & 369.
[5] R. Doc. 47 at ¶ 2.
[6] R. Doc. 47.

Motion, Hamdan is charged in Counts 73 and 74 with mail fraud, in violation of 18 U.S.C. § 1341.[7] The Government alleges that Hamdan devised a scheme to defraud two workers' compensation insurance companies by mailing them false monthly payroll reports for Brothers Food Mart, which failed to include the total wages paid to undocumented workers and store managers, as it excluded cash payments made to those workers that were recorded outside of the Brothers Food Mart regular payroll system.[8] The Government also alleges that Hamdan submitted false documents to the insurance companies in response to annual audits of Brothers Food Mart's workers' compensation insurance, which included false IRS Forms 941, false IRS Forms 940, and false payroll summaries that failed to report total wages paid to undocumented workers and store managers.[9]

Hamdan filed the instant Motion on February 3, 2021, seeking to dismiss or strike the allegations regarding undocumented workers in Counts 73 and 74 of the Superseding Indictment as defective under Fed. R. Crim. P. 12.[10] Hamdan contends that he cannot be convicted for making an allegedly false statement "which may be said to be accurate within a reasonable construction of the contract."[11] Hamdan asserts that, under a reasonable interpretation of the applicable workers' compensation insurance policies, undocumented workers were not covered.[12]

---

[7] *Id*. at ¶¶ 58-69.
[8] *Id*. at ¶¶ 58, 63-65.
[9] *Id*. at ¶ 66.
[10] R. Doc. 291.
[11] R. Doc. 291-1 at p. 6 (quoting *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980)) (internal quotation marks omitted); R. Doc. 291-1 at p. 6 (citing *United States v. Jones*, 664 F.3d 966, 977 (5th Cir. 2011)).
[12] R. Doc. 291 at p. 1; R. Doc. 291-1 at pp. 2, 5, 8-9.

Because undocumented workers were not covered by the policies, Hamdan argues there was nothing false, as a matter of law, about the payroll reports that excluded their wages.[13]  Thus, Hamdan asserts that Counts 73 and 74 fail to allege a false representation regarding the undocumented workers, as required under 18 U.S.C. § 1341.[14]  Although Hamdan previously filed a motion to dismiss Counts 73 and 74 based on language in the workers' compensation insurance policies, which the Court denied, Hamdan asserts the instant Motion is based upon different policy language and raises different legal issues.[15]  Hamdan further asserts that the Court can consider the insurance contracts in connection with this Motion because Fed. R. Crim. P. 12(b)(1) allows a party to raise by pretrial motion any defense that the court can determine without a trial on the merits.[16]  Hamdan asserts that the allegations regarding undocumented workers in Counts 73 and 74 should be dismissed and/or stricken as legally deficient under Rule 12.[17]

The Government asserts that the Motion should be denied because the Court has already rejected essentially the same argument when it denied Hamdan's first motion to dismiss Counts 73 and 74, and because the Court has already concluded that the mail fraud counts state an offense.[18]  The Government claims that Hamdan fails to explain why this law of the case should be disregarded.[19]  The Government

---

[13] R. Doc. 291 at p. 1; R. Doc. 291-1 at pp. 3 & 10.
[14] R. Doc. 291-1 at p. 5.
[15] *Id.* at pp. 3 & 11-12 (*citing* R. Docs. 85-1 & 229).
[16] R. Doc. 291-1 at p. 8, n.5.
[17] *Id.* at p. 12.
[18] R. Doc. 305 at pp. 11-12 (*citing* R. Docs. 85-1 at p.2; *United States v. Hamdan*, Crim. A. No. 19-60-WBV-KWR, 2020 WL 3429831, at *5 (E.D. La. June 23, 2020) (Vitter, J.)).
[19] R. Doc. 305 at p. 12.

further asserts that the falsity of Hamdan's statement is an issue for trial, not a motion to dismiss, pointing out that the insurance policies are not part of the Superseding Indictment and, as such, should not be considered on a motion to dismiss.[20] The Government asserts that none of the courts in the cases cited by Hamdan resolved questions about contract ambiguity or falsity of statements on a motion to dismiss,[21] and that one of the cases denied a motion to dismiss on the ground that determining contractual ambiguity requires the consideration of extrinsic evidence, which should not be undertaken on a motion to dismiss an indictment.[22] Finally, the Government asserts that even if the Court considers the insurance policies at issue, Hamdan's arguments would fail on the merits because the Superseding Indictment alleges that Hamdan defrauded the insurance companies to obtain lower insurance premiums, which are based upon "payroll and *all* other remuneration paid . . . for the services of *all* . . . officers and employees engaged in work covered by this policy."[23] The Government argues that the insurance policies do not allow Hamdan to report less than all his true payroll. Thus, the Government asserts the Motion should be denied.

In response, Hamdan reiterates the same arguments asserted in his original Motion.[24]

---

[20] *Id.* (*citing* R. Doc. 291-1 at p. 7, n.5).
[21] R. Doc. 305 at p. 12 (*citing* R. Doc. 291-1 at pp. 5-7).
[22] R. Doc. 305 at p. 13 (quoting *United States v. Bryant*, 556 F. Supp. 2d 378, 457-58 (D.N.J. 2008)) (internal quotation marks omitted).
[23] R. Doc. 305 at p. 13 (*quoting* R. Doc. 291-2 at p. 24) (emphasis added by Government).
[24] R. Doc. 340.

## II. APPLICABLE LAW

Rule 12(b) of the Federal Rules of Criminal Procedure permits a defendant to raise by a pretrial motion, "Any defense, objection, or request that the court can determine without a trial on the merits."[25] In the instant Motion, Hamdan seeks to dismiss or strike the allegations regarding undocumented workers in Counts 73 and 74 of the Superseding Indictment "pursuant to Rule 12 of the Federal Rules of Criminal Procedure."[26] In a footnote, Hamdan clarifies that the Superseding Indictment is defective because it fails to state an offense.[27] Thus, Hamdan appears to argue that the allegations regarding undocumented workers in Counts 73 and 74 should be dismissed or stricken for failure to state an offense under Fed. R. Crim. P. 12(b)(3)(B)(v).

Federal Rule of Criminal Procedure 7(c) requires an indictment to contain "a plain, concise and definite written statement of the essential facts constituting the offense charged," and to state for each count, "the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged to have violated."[28] As explained by the Fifth Circuit, "Under the Sixth Amendment, an indictment must '(1) enumerate each prima facie element of the charged offense; (2) inform the defendant of the charges filed against him; and (3) provide the defendant with a double jeopardy defense against future prosecutions.'"[29] According to the Fifth

---

[25] Fed. R. Crim. P. 12(b)(1).
[26] R. Doc. 291 at p. 1.
[27] R. Doc. 291-1 at p. 4, n.3.
[28] Fed. R. Crim. P. 7(c)(1).
[29] *United States v. Guzman-Ocampo*, 236 F.3d 233, 236 (5th Cir. 2000) (quoting *United States v. Gaytan*, 74 F.3d 545, 551 (5th Cir. 1996)).

Circuit, "[A]n indictment is sufficient if it 'contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend.'"[30] "It is not necessary for an indictment to go further and to allege in detail the factual proof that will be relied upon to support the charges."[31] "Generally, an indictment which follows the language of the statute under which it is brought is sufficient to give a defendant notice of the crime of which he is charged."[32]

When considering a motion to dismiss the indictment for failure to state an offense, a court is required to "take the allegations of the indictment as true and to determine whether an offense has been stated."[33] Additionally, "A court must deny a motion to dismiss if the motion relies on disputed facts."[34] According to the Fifth Circuit, "The propriety of granting a motion to dismiss an indictment . . . by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact . . . . If a question of law is involved, then consideration of the motion is generally proper."[35]

---

[30] *United States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *Unites States v. Fuller*, 974 F.2d 1474, 1480 (5th Cir. 1992)).
[31] *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978) (citations omitted).
[32] *United States v. Thomas*, 348 F.3d 78, 82 (5th Cir. 2003) (internal quotation marks and citations omitted); *See United States v. Massey*, 849 F.3d 262, 264 (5th Cir. 2017) (same).
[33] *United States v. USPlabs, LLC*, 338 F. Supp. 3d 547, 557 (N.D. Tex. 2018) (quoting *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004)) (internal quotation marks omitted).
[34] *USPlabs, LLC*, 338 F. Supp. 3d at 557; *See United States v. Covington,* 395 U.S. 57, 60, 89 S.Ct. 1559, 23 L.Ed.2d 94 (1969) (holding that a court can resolve a pretrial motion to dismiss the indictment only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense").
[35] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011).

## III. ANALYSIS

Hamdan is charged in Counts 73 and 74 of the Superseding Indictment with mail fraud, in violation of 18 U.S.C. § 1341.[36] Section 1341 provides, in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing, or knowingly causes to be delivered by mail or such carrier according to the direction thereon, or at the place at which it is directed to be delivered by the person to whom it is addressed, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both.[37]

To establish a violation of 18 U.S.C. § 1341, the Government must allege and prove the following four elements: (1) that the defendant knowingly devised or intended to devise a scheme to defraud; (2) that the scheme to defraud employed false material representations; (3) the use of the mails to execute the scheme; and (4) the specific intent to defraud.[38]

---

[36] R. Doc. 47 at ¶¶ 58-74).
[37] 18 U.S.C. § 1341.
[38] *United States v. Boyd*, 309 F. Supp. 2d 908, 913 (S.D. Tex. 2004) (*citing* Fifth Circuit Pattern Jury Instructions: Criminal, 2001 Edition); *See United States v. Traxler*, 764 F. 3d 486, 488 (5th Cir. 2014) (citing *United States v. Bieganowski*, 313 F.3d 264, 275 (5th Cir. 2002)).

In the instant Motion, Hamdan challenges the sufficiency of Counts 73 and 74 to the extent that they charge him with mail fraud based upon mailing monthly payroll reports that failed to include wages paid to undocumented workers. Hamdan argues that those allegations should be dismissed or stricken as legally defective because the Government cannot establish the second element of the offense – a false material representation – since the insurance policies exclude coverage for undocumented workers. The Court rejects that argument as meritless. When a defendant challenges an indictment on the basis that it fails to state an offense, the question is not whether the allegations set forth in the indictment are in fact true, but whether the indictment sufficiently charges an offense.[39] The most basic purpose of an indictment is to fairly inform the defendant of the charges against him and to enable the defendant to plead acquittal or conviction in bar of future prosecutions for the same offense.[40] The test for validity of an indictment "is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards."[41] As the Government correctly points out, the Court has already determined that Counts 73 and 74 of the Superseding Indictment sufficiently state an offense for mail fraud under 18 U.S.C. § 1341 because

---

[39] *United States v. Reece*, Crim. A. No. 6:12-CR-00146-01, 06, 07, 08, 09, 10, 2013 WL 11299439, at *4 (W.D. La. May 10, 2013) (Hanna, M.J.) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).
[40] *United States v. Gordon*, 780 F.2d 1165, 1169 (5th Cir. 1986) (citing authority).
[41] *Id.* (citing *United States v. Webb*, 747 F.2d 278, 284 (5th Cir. 1984)).


they set forth all four essential elements of the offense.[42] Hamdan offers no legal authority or explanation for why this law of the case should be disregarded.

The Court further finds that Hamdan's arguments in the instant Motion, which concern the truth or falsity of the monthly payroll reports under his alleged "reasonable interpretation" of the workers' compensation insurance policies, go beyond the face of the Superseding Indictment and raise questions of fact that cannot be resolved on a motion to dismiss. While the Court can resolve a question of law that depends entirely on undisputed facts, even if those facts go beyond the face of the indictment, the Court cannot invade the province of the jury by deciding disputed facts to resolve a rule 12 motion to dismiss.[43] In fact, "A court must deny a motion to dismiss if the motion relies on disputed facts."[44] Such is the case here. Hamdan is not asking the Court to resolve a question of law based upon undisputed facts. Instead, Hamdan is asking the Court to determine whether the Government has met its burden of "proving beyond a reasonable doubt that the defendant's statement is false under any reasonable interpretation of the relevant contract."[45] That determination—a factual determination—is properly made by the jury. Additionally, "an indictment cannot be dismissed under Rule 12 by virtue of a 'sufficiency-of-the-

---

[42] R. Doc. 229 at pp. 12-16.
[43] *United States v. Nides*, Crim. A. No. 14-40, 2014 WL 2894281, at *1 (E.D. La. June 26, 2014) (Morgan, J.) (citing *United States v. Flores*, 404 F.3d 320, 324-25 (5th Cir. 2006), abrogated on other grounds as recognized by *United States v. Garcia*, 707 Fed.Appx. 231 (5th Cir. 2017)); *See*, *United States v. Kaluza*, Crim. A. No. 12-265, 2013 WL 6490341, at *2 (E.D. La. Dec. 10, 2013) (citing *Flores*, 404 F.3d at 324, n.6, 325).
[44] *United States v. USPlabs, LLC*, 338 F. Supp. 3d 547, 557 (N.D. Tex. 2018) (citing authority).
[45] R. Doc. 305 at p. 3 (citing *United States v. Race*, 632 F.2d 1114, 1120 (4th Cir. 1980); *United States v. Jones*, 664 F.3d 966, 977 (5th Cir. 2011)).

evidence' defense that raises factual questions 'embraced in the general issue.'"[46] Thus, to the extent Hamdan is arguing that the Government lacks sufficient evidence to support the mail fraud offenses with respect to the allegations regarding undocumented workers, that is not a basis for dismissing or striking the allegations under Rule 12.

Based on the foregoing analysis, the Court finds that Hamdan's Motion must be denied.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion to Dismiss or Strike Defective Allegations in Counts 73 and 74 Concerning Undocumented Workers [47] is **DENIED.**

New Orleans, Louisiana, June 24, 2022.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**United States District Judge**

---

[46] *USPlabs, LLC*, 338 F. Supp. 3d at 583 (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).
[47] R. Doc. 291.